## TARDY NOTICE OF DESIRE TO RENEW LEASE.

Circuit Court of Cuyahoga County.

THE STANDARD BREWING COMPANY v. AGNES TOMASH ET AL.

Decided, May 9, 1910.

*Landlord and Tenant—Renewal of Lease—Notice.*

A stipulation in a lease terminating December 31, 1909, for its renewal for three years, "provided said party of the second part shall demand such renewal at least five days before the expiration of his lease," is not complied with by a letter written December 27, 1909, and received by the landlord December 29, 1909.

*Sanders & Sanders,* for plaintiff.
*Caldwell & Younger,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Plaintiff in error was tenant of defendants in error, under a written lease for one year beginning January 1st, 1909, and ending December 31st, 1909. Said lease contained a stipulation for its renewal for three years more, "provided said party of the second part shall demand such renewal at least five days before the expiration of his lease."

December 27 1909, the brewing company wrote a letter to its landlord demanding such renewal; this letter was received by them December 29th but they declined to grant the renewal, served notice upon the tenant to quit the premises, and brought proceedings in forcible detainer before a justice of the peace, who decided in favor of the landlord.

Thereupon the case was carried to the common pleas court on error, and the judgment of restitution affirmed.

The case is here on error to review both judgments.

The trial before the justice was on an agreed statement of facts, and the only point for our consideration is whether the demand for a renewal made by the tenant was in time, plaintiff in error claiming that the clause quoted from the lease is a continuing offer from the landlord, which is good and may be ac-

cepted until revoked by him within the five days stipulated; in other words, that the offer being open, a bargain is consummated by its acceptance and notice thereof to the other party, before he communicates the withdrawal of his offer.

We do not construe this stipulation as such continuing offer. Taking the plain meaning of its terms, it is an offer good until December 26, 1909, terminating then according to its own limitation.   On December 27th there was no offer outstanding for acceptance.   Manifestly the offer was intended to terminate December 26th, so that the landlord might have five full days in which to secure another tenant, if the brewing company up to that time had failed to offer itself, having had first chance, as such tenant.

The option had expired when the letter was written, and the justice rightly decided the case, and the common pleas court very properly affirmed his judgment, and is now in turn affirmed by this court.